UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE R. ENJAIAN,

Plaintiff,

v.

ALM MEDIA PROPERTIES, LLC, et al.,

Defendants.

_______________________________/

No. C 14-3872 PJH

**ORDER GRANTING MOTION TO STRIKE**

Defendants' motion to strike came on for hearing before this court on December 3, 2014. Plaintiff Jesse Enjaian ("plaintiff") appeared in pro per. Defendants ALM Media Properties, LLC, Beth Frerking, and Karen Sloan ("defendants") appeared through their counsel, Deborah Adler. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion as follows.

Plaintiff's suit arises entirely out of a news article published by the National Law Journal entitled "Law School Alum, Accused of Stalking, Loses Suit Against U. Michigan," and a Twitter message, published by the article's author, linking to the story with the text "Judge tosses lawsuit brought by Michigan Law alum accused of stalking former classmate." Based on that news story and that message, plaintiff filed this suit against defendants ALM Media Properties (publisher of the National Law Journal), Beth Frerking (editor-in-chief of the National Law Journal), and Karen Sloan (reporter for the National Law Journal), asserting one cause of action for defamation. The gravamen of plaintiff's suit is that, by using the word "accused," defendants falsely stated that plaintiff had been formally charged with the crime of stalking. Defendants have moved to strike the operative first

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

amended complaint ("FAC") under California's anti-SLAPP statute.

The anti-SLAPP statute prohibits the filing of legal actions based on the defendant's lawful pursuit of a right to petition, or a right to free speech, where such speech or petitioning activity is in connection with a public issue. It may be applied in federal court in diversity actions and to actions with pendent state law claims. Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp. 2d 1127, 1130 (N.D. Cal. 1999).

The anti-SLAPP statute authorizes a special motion to strike certain pleadings in a cause of action based on any act of the defendant in furtherance of his or her right of petition or free speech, under the federal or state constitutions, in connection with a public issue, as defined by the statute. Cal. Code. Civ. P. § 425.16. Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims for those claims to survive dismissal. Id. § 425.16(b). To meet this burden, the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. Wilcox v. Superior Court, 27 Cal. App. 4th 809, 823-25 (1994).

The anti-SLAPP statute authorizes a motion to strike meritless lawsuits filed to chill the defendant's exercise of First Amendment rights. Subdivision (b)(1) of the statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. P. Code § 425.16(b)(1).

The statute requires the court to engage in a two-step process in ruling on an anti-SLAPP motion. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.. . . If the court finds such a showing has been made, it then determines whether the plaintiff has

United States District Court
For the Northern District of California

demonstrated a probability of prevailing on the claim." Equilon Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2000); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003).

Plaintiff does not dispute that the first prong of the anti-SLAPP analysis is met, and that his suit does arise out of protected activity. However, he does argue that he has demonstrated a probability of prevailing on his defamation claim.

Defamation requires the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage. See Price v. Stossel, 620 F.3d 992, 998 (9th Cir. 2010; see also Taus v. Loftus, 40 Cal. 4th 683, 720 (2007)).

Plaintiff alleges that defendants' use of the term "accused" was false, because he was never formally charged with a crime. The court disagrees that the word "accused" carries the connotation of a formal criminal charge. Webster's dictionary definition (cited by plaintiff in the FAC) defines "accuse" as "to blame (someone) for something wrong or illegal" or "to say that someone is guilty of a fault or crime." While the term "accuse" may also be used in the context of a formal indictment, the court disagrees that a reasonable reader would interpret "accuse" to mean "formally charge." See also Conroy v. Spitzer, 70 Cal.App.4th 1446, 1453 (1999) (rejecting argument that the word "guilty" implied criminal guilt). In fact, the court notes that plaintiff's own complaint uses the term "accusation" to refer to something less than a criminal charge. See FAC, ¶ 20 (prayer for relief asking that defendants be required to publish an apology "for the wrongful accusation and publish a 'tweet' apologizing for the wrongful accusation.") (emphasis added).

While plaintiff's complaint alleges that the term "accused" was the only false statement in the article, plaintiff argued at the hearing that the phrase "[h]e claimed officers kept the items for 446 days but never charged him with a crime" was false, because it implies that there is a dispute as to whether plaintiff was ever charged with a crime. The court disagrees, as the challenged statement merely reports the substance of plaintiff's own claim, and does not state or imply anything about its truth or falsity.

Thus, even if the court were to assume that defendants' statements were unprivileged, plaintiff has not demonstrated a probability of prevailing on his claim that defendants' statements were false, and therefore constituted defamation. For that reason, defendants' motion to strike is GRANTED.

Defendants raise a separate argument that the challenged article is privileged under California Civil Code § 47(d), which provides as follows:

> A privileged publication or broadcast is one made . . . [b]y a fair and true report in, or a communication to, a public journal, of (A) a judicial, (B) legislative, or (C) other public official proceeding, or (D) of anything said in the course thereof, or (E) of a verified charge or complaint made by any person to a public official, upon which complaint a warrant has been issued.

Plaintiff contends that the article and Twitter message are not "fair and true," and thus not entitled to the privilege. In addition to arguing that the term "accused" and the phrase "he claimed officers . . . never charged him with a crime" are false, plaintiff also argues that numerous other statements in the article were taken out of context or otherwise misrepresented his suit, which makes them not "fair."

The court finds that defendants' publications were sufficiently "fair and true" to qualify as privileged. The court notes that a "news article need not track verbatim the underlying proceeding," and that the privilege applies unless "the deviation is of such a substantial character that it produces a different effect on the reader." Carver v. Bonds, 135 Cal.App.4th 328, 351 (2005). In other words, the article needed only "convey the substance of the proceedings." Id. at 351-52.

Accordingly, while the court finds that plaintiff has failed to demonstrate a probability of prevailing on his defamation claim even without any consideration of the section 47(d) privilege, the court finds that application of the privilege provides an independent basis for granting defendants' motion.

**IT IS SO ORDERED.**

Dated: December 23, 2014

PHYLLIS J. HAMILTON
United States District Judge